IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARK HAMILTON, SR.                                               PLAINTIFF

vs.                          Civil No. 4:18-cv-04048

NANCY A. BERRYHILL                                              DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Mark Hamilton, Sr. ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying his

applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and

a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings. ECF No. 7.[1]  Pursuant to this authority, the Court issues

this memorandum opinion and orders the entry of a final judgment in this matter.

1.    **Background:**

Plaintiff protectively filed his disability applications on November 6, 2014. (Tr. 65). In these

applications, Plaintiff alleges being disabled due to problems with his left femur with femoral nail,

being unable to stand on his leg, swelling in his left foot, and pain in his left leg "all the time." (Tr.

293).  Plaintiff alleges an onset date of July 1, 2013.  (Tr. 65).  These applications were denied

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The
transcript pages for this case are referenced by the designation "Tr."

initially and again upon reconsideration. (Tr. 128-189).

After Plaintiff's applications were denied, Plaintiff requested an administrative hearing on these applications, and this hearing request was granted. (Tr. 102-127). Thereafter, on May 19, 2017, the SSA held an administrative hearing on Plaintiff's applications in Shreveport, Louisiana. *Id.* At this hearing, Plaintiff was present was represented by Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") James Wallace testified at this hearing. *Id.*

On June 15, 2017, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 65-74). The ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2018. (Tr. 68, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 1, 2013, his alleged onset date. (Tr. 68, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: status post left femur open reduction and internal fixation (ORIF) and subsequent hardware infection and cervical spine degenerative disc disease (DDD). (Tr. 68, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 68-69, Finding 4).

The ALJ determined Plaintiff had a limited education but was able to communicate in English. (Tr. 73, Finding 8). The ALJ also determined Plaintiff was forty-two (42) years old, which is defined as a "younger individual" under 20 C.F.R. § 404.1563(c) (DIB) and under 20 C.F.R. § 416.963(c) (SSI). (Tr. 72-73, Finding 7).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC.

(Tr. 69-72, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to lift and/or carry 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk for 2 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday; cannot climb ladders, ropes or scaffolds; can occasionally climb ramps and stairs; cannot crawl; can occasionally stoop and crouch; must avoid hazards such as slippery surfaces or unprotected heights and requires a cane when ambulating for balance.

*Id.*

The ALJ determined Plaintiff was unable to perform any of his Past Relevant Work ("PRW"). (Tr. 72, Finding 6). The ALJ, however, found Plaintiff did retain the capacity to perform other work existing in significant numbers in the national economy. (Tr. 73-74, Finding 10). In making this determination, the ALJ relied upon the testimony of the VE. *Id.* Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform work as a document preparer (unskilled, sedentary) with approximately 23,275 such jobs in the nation; call out operator (unskilled, sedentary) with approximately 3,230 such jobs in the nation; telephone information clerk (unskilled, sedentary) with approximately 1,667 such jobs in the nation; and toy stuffer (unskilled, sedentary) with approximately 1,975 such jobs in the nation. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from July 1, 2013 through the date of his decision or through June 15, 2017. (Tr. 74, Finding 11).

Plaintiff requested that the Appeals Council's review the ALJ's unfavorable disability determination. On March 19, 2018, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-7). On April 6, 2018, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 6, 2018. ECF No. 7. This case is now

ready for decision.

## 2.    <u>Applicable Law:</u>

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.    **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 13.  Plaintiff raises four arguments for reversal: (A) the ALJ erred in his assessment of the Listings; (B) the ALJ erred in his RFC assessment; (C) the ALJ erred in failing to recontact his physician; and (D) the ALJ erred in assessing his subjective complaints.  ECF No. 13 at 1-24.  The Court will address each of these arguments.  However, because Plaintiff's last argument raises the same claims as Plaintiff's second argument (Argument C), the Court will address these together.

## A. Listings

Plaintiff claims the ALJ erred in finding his impairments did not meet the requirements of Listings 1.02 and 1.03. ECF No. 13 at 3-17. Plaintiff has the burden of demonstrating his impairments meet *all* the requirements of a given Listing. *See Cox,* 160 F.3d at 1206. Upon review of Plaintiff's argument in this matter, the Court finds Plaintiff has not met his burden of demonstrating his impairments meet the requirements of either of these Listings.

First, Plaintiff has not met his burden of demonstrating his impairments meet the requirements of Listing 1.02. Listing 1.02 requires a "gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with sign of limitation of motion or other abnormal motion of the affected joint(s)" along with the "involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively." In the present action, Plaintiff has not demonstrated which "gross anatomical deformity" he has. Thus, the Court cannot find Plaintiff has demonstrated he meets the requirements of Listing 1.02.

Second, Plaintiff has not met his burden of demonstrating his impairments meet the requirements of Listing 1.03. Listing 1.03 requires a demonstration of "[r]econstructive surgery or surgical arthrodesis of a major weight-bearing joint, with inability to ambulate effectively, as defined in 1.00B2b, and return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset." In the present case, Plaintiff has likewise not demonstrated he could meet the requirements of Listing 1.03. Indeed, except for brief periods after the two surgical attempts to remove the femoral rod in his left leg, Plaintiff ambulated with *one cane* or *no assistive device* throughout the relevant period. (Tr. 93, 410, 412-414, 497, 647, 772, 788, 921, 944, 963, 1001, 1003, 1086, 1285, 1323, 1337). As required by Listing 1.03, the "inability to ambulate effectively"

requires a demonstration of limited function of *both* upper extremities (walker, two crutches, or two canes). Base upon these records, the Court cannot find Plaintiff met these requirements.

## B. RFC Assessment

Plaintiff claims the ALJ erred in his assessment of his RFC. ECF No. 13 at 17-24. Specifically, Plaintiff claims the ALJ improperly evaluated his subjective complaints. *Id.* In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

[the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ fully complied with the requirements of *Polaski*. Indeed, the ALJ considered Plaintiff's subjective complaints, evaluated his medical records, and noted the following inconsistencies in his decision to discount Plaintiff's subjective complaints:

> The claimant has described daily activities that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. He indicated no difficulty dressing, bathing, caring for his hair, shaving, feeding himself or toileting (Exhibits 6E and 11E). He is also able to shop in stores, drive and pay bills.

(Tr. 72). Upon review, the Court cannot find a basis for reversal on this issue. *See Guilliams v. Barnhart,* 393 F.3d 798, 801 (8th Cir. 2005) (recognizing that deference is warranted where the ALJ's credibility determination is supported by good reasons and substantial evidence).

## C.    Development of the Record

In his briefing, Plaintiff claims the ALJ erred by failing to recontact his treating physician, Dr. Garrison. ECF No. 13 at 19-20. Plaintiff provides very little briefing on this issue, however, and merely states, "Why did the ALJ fail to contact Dr. Garrison? Why was a consultative exam never

ordered?" *Id.*

Upon review of this argument, the Court finds no basis for reversal on this issue. For this Court to reverse Plaintiff's case based upon this issue, Plaintiff must demonstrate prejudice from the ALJ's failure to develop the record. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent prejudice or unfairness, we will not remand"). Here, Plaintiff has not demonstrated he was prejudiced by the ALJ's failure to develop the record in this case. ECF No. 13 at 19-20 Thus, he is not entitled to a remand.

4.    **Conclusion:**

Based on the foregoing, the undersigned finds no basis for reversing the decision of the ALJ. As such, it is affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 28th day of February 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE